No. 24-60407

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

theDove Media, Inc.,

*Petitioner*,

v.

Federal Communications Commission
and United States of America,

*Respondents*.

On Petition for Review of an Order of
the Federal Communications Commission

## RESPONDENT FEDERAL COMMUNICATIONS COMMISSION'S MOTION TO HOLD IN ABEYANCE

## INTRODUCTION

Pursuant to Federal Rules of Appellate Procedure 2, 26(b), and 27(a), the Federal Communications Commission ("FCC") respectfully moves for an order to hold this case in abeyance pending the Court's decision in consolidated cases challenging the same FCC order. *National Religious Broadcasters. v. Federal Communications*

*Commission*, Case Nos. 24-60219 and 24-60226 (5th Cir.) ("*National Religious Broadcasters*").

The Court's resolution of *National Religious Broadcasters* is likely to have a meaningful impact on the proper resolution of this case. Holding this case in abeyance pending a decision in *National Religious Broadcasters*, therefore, would serve the interest of judicial economy without causing undue delay. Counsel for the FCC consulted counsel for Petitioner theDove Media, Inc. ("theDove"), which intends to oppose this motion. Respondent United States of America consents to this motion. Good cause exists to grant the motion, for the reasons below.

## BACKGROUND

The order on review in this case and in *National Religious Broadcasters* concerns the agency's requirement that broadcast stations with five or more full-time employees file, on a "Form 395-B," an "annual employment report" concerning the "gender, race and ethnicity of a broadcast station's workforce." 47 C.F.R. § 73.3612. The FCC first adopted this filing requirement concurrently with regulations prohibiting employment discrimination on the basis of race, color, religion, national origin, or sex, and requirements that broadcasters

provide equal employment opportunities. *Id.* § 73.2080. But the FCC subsequently suspended the filing requirement following a decision by the United States Court of Appeals for the District of Columbia that vacated the FCC's equal employment opportunity regulations without addressing Form 395-B. *See Lutheran Church-Missouri Synod v. FCC*, 141 F.3d 344, 352 (D.C. Cir. 1998) (subsequent history omitted).

In the order on review, the FCC reinstated the collection and disclosure of Form 395-B data. *Review of the Commission's Broadcast and Cable Equal Employment Opportunity Rules and Policies*, Fourth Report and Order, Order on Reconsideration, and Second Further Notice of Proposed Rulemaking, FCC 24-18, 2024 WL 770889 (2024) ("Order"). Resuming the data collection, the FCC determined, is consistent with the agency's statutory mandate. The FCC made clear that its use of Form 395-B data would be limited to analyzing and reporting to Congress on broadcast employment trends.

The Order was published in the Federal Register on May 3, 2024. 89 Fed. Reg. 36705. National Religious Broadcasters and American Family Association filed for review in this Court on May 3, 2024, and Texas Association of Broadcasters filed for review in this Court on May

9, 2024. The two cases were consolidated on May 30, 2024. The petitioners filed a joint opening brief on August 28, 2024. *National Religious Broadcasters*, Nos. 24-60219 and 24-60226 (5th Cir.), ECF No. 49. The response brief was filed on September 27, 2024, *id.*, ECF No. 52, and the reply brief is due on October 18, 2024. Fed. R. App. P. 31(a)(1). Oral argument has not yet been scheduled.

On June 28, 2024, theDove filed for review of the Order in the United States Court of Appeals for the Ninth Circuit. *theDove Media, Inc.*, Case No. 24-4010 (9th Cir.), ECF No. 1. On July 11, 2024, theDove moved to transfer its appeal to this Court pursuant to 28 U.S.C. § 2112, explaining its appeal "related to the same FCC Order" that the petitioners in *National Religious Broadcasters* have challenged, and that the administrative record already had been filed in this Court. *Id.*, ECF No. 10. The Ninth Circuit transferred the case to this Court. *theDove Media, Inc.*, No. 24-60407 (5th Cir. received Aug. 13, 2024), ECF No. 1.

## ARGUMENT

There is good cause to hold this case in abeyance. The same FCC Order is at issue in *National Religious Broadcasters*. In each set of

cases, the parties are similar: the respondents are identical, and the petitioners are broadcasters or their representatives. In each set of cases, too, the same relief is sought: that the Court "enjoin and set aside the Order." *National Religious Broadcasters*, Nos. 24-60219 and 24-60226 (5th Cir.), ECF No. 49, Opening Br. 56; *theDove Media, Inc.*, No. 24-60407 (5th Cir.), ECF No. 1 at 2 (asking that the Court "vacate, enjoin, and set aside the Order"). Further, the claims in each set of cases are likely to overlap significantly. Although the petition for review in this case does not state the grounds for theDove's challenge of the Order—and theDove did not participate in the proceeding before the FCC—the *National Religious Broadcasters* petitioners have broadly challenged the Order on statutory authority, Equal Protection, First Amendment, and Administrative Procedure Act grounds. *See National Religious Broadcasters*, Nos. 24-60219 and 24-60226 (5th Cir.), ECF No. 49, Opening Br. xvi. We anticipate that theDove would raise many or all of these same claims.

Accordingly, this Court's decision in *National Religious Broadcasters* inevitably will affect the briefing in this case. If this Court grants the petitions for review in *National Religious Broadcasters* and

vacates the Order, theDove's challenge to the Order will be rendered moot, eliminating the need for briefing altogether. By contrast, if this Court rules in favor of the FCC, the Court's decision would likely foreclose some or all of theDove's claims, narrowing the scope of briefing in this case (or even eliminating the need for briefing altogether).[1]

Thus, regardless of the outcome, a decision in *National Religious Broadcasters* will likely narrow the issues for resolution in this case. The interests of judicial efficiency and economy therefore support holding this case in abeyance. Conversely, it would not further the principles of sound judicial administration to have two different panels of this Court review the same agency order. *Cf. Gahagan v. United States Citizenship & Immigration Servs.*, 911 F.3d 298, 302 (5th Cir. 2018) ("Under the 'rule of orderliness,' [t]hree-judge panels … abide by a prior Fifth Circuit decision until the decision is overruled, expressly or implicitly, by either the United States Supreme Court or by the Fifth Circuit sitting en banc.") (quotation marks omitted).

---

[1] The FCC reserves its right to move to dismiss this case for lack of jurisdiction should briefing ultimately be necessary.

Further, an abeyance would not cause undue delay or prejudice any party. Briefing has not yet been scheduled in this case, whereas briefing will be complete in *National Religious Broadcasters* on October 18, 2024. Oral argument has not been scheduled, but the FCC has represented that the case "should be … argued without delay." *National Religious Broadcasters*, Nos. 24-60219 and 24-60226 (5th Cir.), ECF No. 8, Respondents' Opp. to Mot. for Extension. In addition, broadcasters will not have to file Form 395-B data on September 30, 2024. *See* 47 C.F.R. § 73.3612 (annual filing required "on or before September 30 of each year"); Public Notice, Status of Filing of FCC Form 395-B, DA 24-884 (Aug. 30, 2024) (announcing that "the data collection will not be due on September 30 this year" and the FCC "will provide broadcasters ample time to put into place whatever data collection processes they require prior to the first filing deadline"), available at https://docs.fcc.gov/public/attachments/DA-24-884A1.pdf.

"The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Woodson* v. *Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (quotation marks omitted). This Court has exercised that power to hold

cases in abeyance under similar circumstances. *See, e.g.*, *J.W. v. Paley*, 81 F.4th 440, 448 (5th Cir. 2023) (appeal placed in abeyance after the Supreme Court granted certiorari on an issue with potential impact on the case); *Williams v. Boeing Co.*, 23 F.4th 507, 511 (5th Cir. 2022) ("[W]e placed this case in abeyance pending the resolution of similar jurisdictional appeals concerning other defendants."); *Huawei Techs. USA, Inc. v. FCC*, 2 F.4th 421, 458 (5th Cir. 2021) ("[N]othing we say here precludes Huawei from bringing a similar claim in the context of its challenge to the *final* designation, which has been held in abeyance pending our decision in this case."); *MCR Oil Tools, LLC* v. *SPEX Grp. US, LLC*, 785 F. App'x 241, 242 (5th Cir. 2019) (appeal held in abeyance pending a decision by a different panel of the Court).

This motion is made in the interest of justice, not for delay, and no party will be prejudiced if the motion is granted.

## CONCLUSION

For the foregoing reasons, the FCC respectfully requests that the Court hold this case in abeyance pending its decision in *National Religious Broadcasters*.

Dated: September 30, 2024                Respectfully submitted,

/s/ *William J. Scher*

P. Michele Ellison
  *General Counsel*

Jacob M. Lewis
  *Deputy General Counsel*

William J. Scher
  *Counsel*

FEDERAL COMMUNICATIONS
  COMMISSION
45 L Street NE
Washington, DC 20554
(202) 418-1740
fcclitigation@fcc.gov

*Counsel for Respondent Federal
  Communications Commission*

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    ☒ this document contains 1,398 words, *or*

    ☐ this document uses a monospaced typeface and contains ____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Century Schoolbook, *or*

    ☐ this document has been prepared in a monospaced spaced typeface using _____ with _____.

>      /s/ *William J. Scher*
>      William J. Scher
>      *Counsel for Respondent*
>      *Federal Communications Commission*

# CERTIFICATE OF FILING AND SERVICE

I, William J. Scher, hereby certify that on September 30, 2024, I filed the foregoing Respondent Federal Communications Commission's Motion to Hold in Abeyance with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the electronic CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ William J. Scher*

William J. Scher
Counsel

Federal Communications
Commission
Washington, D.C. 20554
(202) 418-1740