No. 24-60407

# In the United States Court of Appeals for the Fifth Circuit

theDove Media, Inc.,

*Petitioner*,

v.

Federal Communications Commission
and United States of America,

*Respondents.*

On Petition for Review of an Order
of the Federal Communications Commission

**PETITIONERS' OPPOSITION TO
RESPONDENT FCC'S MOTION TO HOLD IN ABEYANCE**

Oliver J. Dunford
Pacific Legal Foundation
4440 PGA Blvd., Suite 307
Palm Beach Gardens, FL 33410
Telephone: (916) 503-9060
ODunford@pacificlegal.org

*Counsel for Petitioner*

# CERTIFICATE OF INTERESTED PERSONS

No. 24-60407

theDove Media, Inc. v. Federal Communications Commission and United States of America

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| **Petitioner** | **Respondents** |
| --- | --- |
| theDove Media, Inc. | Federal Communications Commission |
| | United States of America |
| **Counsel for Petitioner** | **Counsel for Respondents** |
| Oliver J. Dunford of Pacific Legal Foundation | P. Michele Ellison, Jacob M. Lewis, and William J. Scher of Federal Communications Commission |

/s/ *Oliver J. Dunford*
OLIVER J. DUNFORD
*Counsel for Petitioner*

## INTRODUCTION

There is no good cause to hold this case in abeyance until a decision is reached in *National Religious Broadcasters v. Federal Communications Commission*, Case Nos. 24-60219 and 24-60226 (5th Cir. 2024). Differences between the parties and the claims, the Hobbs Act, and interests of judicial efficiency all suggest that this case should continue in parallel with *National Religious Broadcasters.*

## BACKGROUND

Petitioner theDove Media, Inc., is an Oregon-based non-profit owner of several radio and TV stations. theDove is a Christian, faith-based media company committed to fostering a nurturing space for spiritual growth, and it reaches over six million consumers daily.

This case concerns the FCC's newly resurrected requirement that broadcasters submit annual reports (Form 395-B) identifying the "composition of the broadcasters' workforce in terms of race, ethnicity, and gender." *Review of the Commission's Broadcast and Cable Equal Employment Opportunity Rules and Policies,* Fourth Report and Order, Order on Reconsideration, and Second Further Notice of Proposed Rulemaking, F.C.C. 24-18, 2024 WL 770889, ¶5 (2024) (*Fourth Report*). This requirement has been suspended since 1998, after the decision by the D.C.

Circuit in *Lutheran Church-Missouri Synod v. FCC,* 141 F.3d 344 (D.C. Cir. 1998). Another attempt to reinstate the requirement was thwarted in 2001 in *MD/DC/DE Broadcasters Ass'n v. FCC*, 236 F.3d 13 (D.C. Cir. 2001), which held that parts of the Commission's EEO rules violated the Constitution's equal protection guarantees. *Fourth Report* ¶5 (footnote omitted); *see id.* ¶¶6–9. In June 2004, the Commission yet again attempted to readopt the Form 395-B requirement, but in response to concerns that the FCC's publication of Form 395-B data could unconstitutionally pressure broadcasters to adopt race- and gender-preference hiring policies, the FCC fell into nearly two decades of intentional inaction. *Fourth Report* ¶11 (citing *Third Report and Order and Fourth Notice of Proposed Rulemaking*, 19 FCC Rcd. 9973, 9975, ¶4 (2004)).

The FCC is once again attempting to reinstate this long defunct reporting requirement. *Fourth Report*; 89 Fed. Reg. 36705. In response, theDove filed a Petition for Review in the Ninth Circuit on June 28, 2024. *theDove Media, Inc. v. FCC*, Case No. 24-4010 (9th Cir. 2024), ECF No. 1. Subsequently, theDove notified the court that the Hobbs Act, 28 U.S.C. § 2112, required transfer to this Court because the first challenge to the

Fourth Order was filed here. This case was transferred on August 13, 2024.

**ARGUMENT**

The FCC's motion to hold this case in abeyance should be denied. Petitioner theDove Media, Inc., has interests distinct from the petitioners in the *National Religious Broadcasters* consolidated cases, and theDove presents at least one critical substantive claim—a non-delegation challenge—that is not being raised in *National Religious Broadcasters*. Further, the Hobbs Act, although it required the transfer of theDove's case, does not require consolidating cases or privileging the first-filed case. Additionally, holding theDove's case in abeyance would be counter to the interests of judicial economy: even if the *National Religious Broadcasters* case could resolve some of the issues presented here, no party in that case has raised a non-delegation claim. Finally, postponing resolution here will likely impose unnecessary costs on theDove, which must at least begin preparing to comply with the Fourth Order's requirements.

*First*, the parties in the two cases are different in important ways. theDove is a non-profit licensee of a handful of radio and television broadcasters. The three petitioners in *National Religious Broadcasters* are

large trade groups, associations, and broadcasters, respectively; together, the titular National Religious Broadcasters and the Texas Association of Broadcasters represent thousands of broadcasting stations. Opening Brief, *National Religious Broadcasters; American Family Association, Petitioners, v. Federal Communications Commission*, No. 24-60219, 24-60226, 2024 WL 4101201, *17 (9th Cir. 2024). American Family Radio broadcasts programming to over 180 radio stations, and online. *Who We Are,* American Family Radio, https://afr.net/who-we-are/. By contrast, theDove broadcasts to just over thirty radio and tv outlets. *About Us,* theDove Media, https://thedove.us/about-us/. Even though it is possible that the *National Religious Broadcasters* case would resolve theDove's injuries, it is far from certain, and the costly compliance associated with Form 395-B is far more significant to a small broadcaster like theDove. Petitioner should not have to wait to have their own distinct arguments heard.

*Second*, the arguments that are offered in *National Religious Broadcasters* and that the Petitioner intends to offer here are not identical. The petitioners in *National Religious Broadcasters* have challenged the Form 395-B requirement on statutory interpretation, Equal

Protection, First Amendment, and Administrative Procedure Act grounds. *See*, Opening Brief, *National Religious Broadcasters*, *supra*. While theDove intends make some similar arguments, theDove has its own perspective on these issues, stemming in part from its status as a small broadcaster, not addressed in National Religious Broadcasters' opening brief. Similarly, beyond what has been raised in *National Religious Broadcasters*, theDove intends to raise claims not addressed in that case at all, including an argument that the Form 395-B requirement violates the non-delegation principle. This important argument relates to the scope of the FCC's claimed "public interest" authority and the extent to which it applies to areas far outside the agency's expertise. Accordingly, any outcome from *National Religious Broadcasters* which left the rule in place would not resolve theDove's case.

*Third*, the Hobbs Act itself, while requiring transfer of this case here, suggests that the case should not be held in abeyance: "All courts in which proceedings are instituted with respect to the same order, other than the court in which the record is filed pursuant to this subsection, shall transfer those proceedings to the court in which the record is so filed." 28 U.S.C. § 2112(a)(5). This language implicitly permits multiple

parallel challenges to an order. If all cases filed after the first were to be held in abeyance, the transfer provision of the Hobbs Act would be superfluous. The clear purpose of this provision is, instead, to permit a single court to handle these parallel challenges in a way that maximizes judicial efficiency and expertise—but not to negate all petitions except the first to win a race to the courthouse.

*Fourth*, these interests of judicial efficiency support proceeding with this case now, in parallel with the other. As noted above, the resolution of *National Religious Broadcasters* would not necessarily resolve this case. It may very well be that a court would find for the FCC in the issues raised by the petitioners in *National Religious Broadcasters* and for theDove on the unique issues raised in this case, leading to an unnecessarily prolonged process of litigation as the Form 395-B requirement is upheld and then struck down. The Court can address any concerns about duplication of work by keeping the same panel for both cases due to their similarity, as is often done at courts of appeals.

*Finally*, the Court should consider the costs imposed by the Fourth Order. The FCC itself recognizes the compliance costs, demonstrated by its decision to postpone the Form 395-B requirement until September

2025. Public Notice, Status of Filing of FCC Form 395-B, DA 24-884, 2024 WL 4010730 (Aug. 30, 2024). These costs are especially onerous for small, non-profit entities like theDove. If the FCC's order is not undone by *National Religious Broadcasters*, a case that could easily extend through 2025, theDove could be left holding the bag before it can have its arguments heard. Continued record-keeping upon an, as maintained, illegal regulatory requirement will be a prejudicial injury upon theDove, beginning now and continuing forward, regardless of when the FCC begins requiring submission of the Form. Simple efficiency and principles of sound judicial administration would suggest that the two proceedings ought to go in parallel, rather than sequentially.

## CONCLUSION

For the foregoing reasons, theDove respectfully requests that the Court denies the FCC's Motion and does not hold this case in abeyance.

DATED: October 10, 2024

                                              Respectfully submitted,

                                              /s/ *Oliver J. Dunford*
                                              OLIVER J. DUNFORD

PACIFIC LEGAL FOUNDATION
4440 PGA Blvd., Suite 307
Palm Beach Gardens, FL 33410
Telephone: (916) 503-9060
ODunford@pacificlegal.org

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024, I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Oliver J. Dunford*
OLIVER J. DUNFORD
*Counsel for Petitioner*

# CERTIFICATE OF COMPLIANCE

I hereby certify that:

1. This document complies with Federal Rule of Appellate Procedure 27(d)(2)(a) because this motion contains 1,297 words, excluding items enumerated in Federal Rule of Appellate Procedure 32(f) and Fifth Circuit Rule 32.2. I relied on my word processor, Microsoft Word, to obtain the count.

2. This document complies with Federal Rule of Appellate Procedure 32(a)(5)–(6). It is printed in 14-point Century Schoolbook, a proportionately spaced font.

/s/ *Oliver J. Dunford*
OLIVER J. DUNFORD
*Counsel for Petitioner*
