No. 24-60407

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

theDove Media, Inc.,

*Petitioner*,

v.

Federal Communications Commission
and United States of America,

*Respondents*.

On Petition for Review of an Order of
the Federal Communications Commission

## RESPONDENT FEDERAL COMMUNICATIONS COMMISSION'S REPLY IN SUPPORT OF MOTION TO HOLD IN ABEYANCE

## INTRODUCTION

Pursuant to Federal Rules of Appellate Procedure 2, 26(b), and 27(a), the Federal Communications Commission ("FCC") respectfully submits this reply in support of its motion to hold this case in abeyance. In that motion, the FCC explained that the Court's decision in consolidated cases challenging the same FCC order, *National Religious Broadcasters. v. Federal Communications Commission*, Case Nos. 24-

60219 and 24-60226 (5th Cir.) ("*National Religious Broadcasters*"), is likely to have a meaningful impact on the resolution of this case because the same relief is sought in both sets of cases and the claims are likely to overlap significantly. Mot. 4-5.

In its opposition, theDove Media, Inc. disputes none of this. Indeed, theDove confirms its intention to raise the same issues as the *National Religious Broadcasters* petitioners have raised (plus one additional, alternative claim) and asserts that—although this is not "certain"—a decision in *National Religious Broadcasters* may "resolve theDove's injuries." *Id.* 6. *See id.* 6-7.

Nonetheless, theDove opposes holding this case in abeyance on the grounds that it has interests distinct from the *National Religious Broadcasters* petitioners, the claims in each case are not identical, abeyance is not statutorily required, and abeyance may impose costs on theDove. As set forth below, none of those assertions diminishes the force of the FCC's view that holding this case in abeyance would serve the interests of judicial economy and efficiency without causing undue delay or prejudicing any party.

*First*, theDove states that it is a small, non-profit enterprise, whereas the petitioners in *National Religious Broadcasters* are large entities. Opp. 5-6. It is not clear that is right: The *National Religious Broadcasters* petitioners seemingly represent small entities as well as large ones. *See, e.g.*, *National Religious Broadcasters*, ECF No. 51, Declarations in Support of Article III Standing, Ex. 3 ¶ 2 (stating that ATW Media, LLC, a member of the Texas Association of Broadcasters, one of the *National Religious Broadcasters* petitioners, is the licensee of three radio stations in Texas). In any event, theDove's relative size has no bearing on whether the Court's decision in *National Religious Broadcasters* will narrow the issues for resolution in this case.

*Second*, theDove states that its arguments will not be identical to those raised in *National Religious Broadcasters*. Opp. 6-7. In addition to challenging the Form 395-B requirement on the same "statutory interpretation, Equal Protection, First Amendment, and Administrative Procedure Act grounds" as the petitioners in the other set of cases, *id.*, theDove intends to argue—presumably as an alternative to challenging the FCC's statutory authority—that the Order violates the non-delegation principle, an argument the *National Religious Broadcasters*

petitioners have not raised. *Id.* 7. In addition, theDove contends that the litigation process might be prolonged unnecessarily if the Court finds for the FCC in *National Religious Broadcasters* but for theDove "on the unique issues raised in this case." Opp. 8.

As a threshold matter, a non-delegation argument would be barred under 47 U.S.C. § 405(a), which forecloses arguments that no party raised before the FCC in the underlying proceeding. *See Worldcall Interconnect, Inc. v. FCC*, 907 F.3d 810, 820 (5th Cir. 2018). In any event, the possibility that theDove's claims might not overlap completely with those raised in the other set of cases does not rebut the FCC's showing, in support of its motion, that this Court's decision in *National Religious Broadcasters* inevitably will affect the briefing in this case by narrowing the scope of briefing (or even eliminating the need for briefing altogether). Mot. 4-6.

*Third*, theDove argues that 28 U.S.C. § 2112(a)(5) does not *require* the Court to hold this case in abeyance. Opp. 7-8. That begs the question of whether there is good cause to do so. Again, theDove does not contest that a decision in *National Religious Broadcasters* will meaningfully impact resolution of this case.

*Finally*, theDove argues that the Court should consider the costs imposed by the Form 395-B requirement of record-keeping now and reporting in September 2025 if *National Religious Broadcasters* is not decided before then. Opp. 8-9. But the challenged requirement does not require record-keeping "beginning now and continuing forward." *Id*. 9. The employment data reported on FCC Form 395-B must reflect only "the employment figures from any one payroll period in July, August, or September" of a given year. https://omb.report/icr/202004-3060-047/doc/100723701 (Instructions for Completion of FCC Form 395-B). And there is no reason why resolution of *National Religious Broadcasters* should extend until September 30, 2025, the next reporting deadline under the challenged rule. *See id*. Briefing will be complete on October 18, 2024, and the FCC has represented that the case "should be … argued without delay." Mot. 7. If anything, resolution of *National Religious Broadcasters* may be delayed if this case proceeds "in parallel," Opp. 9, as those consolidated cases are further along.

For the foregoing reasons, and the reasons set forth in the FCC's motion, there is good cause to hold this case in abeyance until the Court decides *National Religious Broadcasters*, and an abeyance would not

cause undue delay or prejudice. The FCC respectfully requests that the Court grant the motion for abeyance.

Dated: October 17, 2024                Respectfully submitted,

/s/ *William J. Scher*

P. Michele Ellison
  *General Counsel*

Jacob M. Lewis
  *Deputy General Counsel*

William J. Scher
  *Counsel*

FEDERAL COMMUNICATIONS
  COMMISSION
45 L Street NE
Washington, DC 20554
(202) 418-1740
fcclitigation@fcc.gov

*Counsel for Respondent Federal
  Communications Commission*

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    ☒ this document contains <u>848</u> words, *or*

    ☐ this document uses a monospaced typeface and contains <u>    </u> lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word for Office 365</u> in <u>14-point Century Schoolbook</u>, *or*

    ☐ this document has been prepared in a monospaced spaced typeface using <u>    </u> with <u>    </u>.

<u>/s/ *William J. Scher*</u>
William J. Scher
*Counsel for Respondent*
*Federal Communications Commission*

# CERTIFICATE OF FILING AND SERVICE

I, William J. Scher, hereby certify that on October 17, 2024, I filed the foregoing Respondent Federal Communications Commission's Reply in Support of Motion to Hold in Abeyance with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the electronic CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ William J. Scher*

William J. Scher
Counsel

Federal Communications
Commission
Washington, D.C. 20554
(202) 418-1740