

**Federal Communications Commission**
Office of General Counsel—Litigation Division
45 L Street NE • Washington, DC 20554
Tel: (202) 418-1740 • Fax: (202) 418-2819

February 24, 2025

Lyle W. Cayce, Clerk
United States Court of Appeals
   for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re: *theDove Media, LLC v. FCC*, No. 24-60407 (scheduled for oral argument on March 31, 2025)

Dear Mr. Cayce:

    I write to provide the Court two updates. *First*, Respondents the FCC and the United States no longer defend the portion of the order on review that updated FCC Form 395-B to include the collection of non-binary gender information. *Review of the Commission's Broadcast and Cable Equal Employment Opportunity Rules and Policies*, FCC 24-18, ¶¶ 39–40 (Order); *see also* Document-101, *Nat'l Religious Broads. v. FCC*, Nos. 24-60219 and 24-60226 (5th Cir.) (explaining the FCC's revised position in parallel, consolidated challenges to the Order). Under Section 3(e) of the recent executive order *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government* (Jan. 20, 2025), "[a]gency forms that require an individual's sex shall list male or female, and shall not request gender identity."

    Although Respondents no longer defend the collection of non-binary gender information, there remains a live controversy over the Order's lawfulness. The five-member Commission is currently composed of two members who voted for the Order, and two (including the current Chairman) who voted against it. The FCC thus has no current plans to propose withdrawing or revising the Order.

    *Second*, Respondents in their merits brief have argued that theDove's challenge to the FCC's Order is barred by 47 U.S.C. § 405(a)(1). *E.g.*, Resp. Br. 21–22. Since the change in leadership at the Commission on January 20, 2025, the agency has had further opportunity to reflect on that contention. The FCC no longer defends the position that theDove's challenge is independently barred by

Section 405(a)(1). *See Competitive Enter. Inst. v. FCC*, 970 F.3d 372, 380 (D.C. Cir. 2020). The agency makes no representation as to the position of the United States.

Respondents continue to adhere to their previously expressed positions that the Hobbs Act precludes review of theDove's claims, Resp. Br. 16–21, and that certain of theDove's arguments are also barred under Section 405(a)(2), *see* Resp. Br. 27 (nondelegation), 35 (revisions to Form 395 in 2008). If, nevertheless, the Court disagrees, the Court should reach the merits of the Order's lawfulness.

        Respectfully submitted,

        <u>/s/ *William J. Scher*</u>

        William J. Scher
        *Counsel*

cc:    Counsel of Record (via CM/ECF)